# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

**UNITED STATES OF AMERICA** )
                             )
                             )
**v.**                       )          **Case No. 1:21-mj-00289-GMH-1**
                             )
**CORINNE MONTONI**          )
                   **Defendant.** )
_____)

## MOTION FOR DISCOVERY PURSUANT TO RULE 16(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE

Defendant, Corinne Montoni, by and through her attorney, Bernard F. Crane, pursuant to Fed.R.Crim.P.12(b)(3)(E), moves this Honorable Court to order the attorney for the Government to either permit the Defendant to inspect, copy or photograph, or to furnish copies, of the following:

**(A)  Request for Rule 16 Material**

1. Any written or recorded statement of Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the Government, as required under Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

2. The substance of any oral statement that the Government intends to offer in evidence at trial made by Defendant, whether before or after arrest, and in response to interrogation by any person known to the Defendant to be a Government agent, as required by Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

3. A copy of Defendant's prior criminal record, if any, within the possession, custody, or

-1-

control of the Government, as required by Rule 16(a)(1)(D) of the Federal Rules of Criminal

Procedure.

4. All books, papers, documents, data, photographs, clothing, video recordings, audio

recordings, tangible objects, buildings or places, or copies or portions thereof, which are within

the possession, custody, or control of the Government and which are material to the preparation

of Defendant's defense or intended for use by the Government as evidence at trial, or were

obtained from or belong to Defendant, as required by Rule 16(a)(1)(E) of the Federal Rules of

Criminal Procedure.

5. Results and reports of physical or mental examinations and scientific tests and

experiments, or copies thereof, which are within the possession custody or control of the

Government, or the existence of which are known, or by the exercise of due diligence may

become known, to the attorney for the Government, and which are material to the preparation of

the Defendant's defense herein or are intended for use by the Government as evidence in its

case-in-chief at trial as required by Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure.

6. All other items of any kind or nature not specifically mentioned or described above

which are discoverable pursuant to Rule 16(a)(1)(E) and Rule 16(a)(1)(F)

7. Any evidence of other crimes, wrongs, or acts the Government intends to introduce at

the trial of this matter in accordance with Federal Rule of Evidence 404(b).

**(B) <u>Request for Exculpatory Evidence</u>**

Defendant requests disclosure of evidence favorable to Defendant on the issue of guilt

and/or sentencing, as required by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. the United

States*, 405 U.S. 150 (1972); and *United States v. Bagley*, 473 U.S. 667 (1985).

Furthermore, the Defense requests:

1. All prior convictions and juvenile adjudications of all government witnesses. See *Lewis v. United States*, 393 A.2d 109 (D.C. 1978); and on reh., 408 A.2d 303 (D.C. 1979).

2. All information in the possession of the Government regarding (a) any government witness who has a pending juvenile or criminal case arising on or since the date of the offense; (b) any government witness who has had an arrest, guilty plea, trial, or sentencing on or since the date of the offense; (c) any government witness who has been on juvenile or criminal parole or probation on or since the date of the offense; (d) any government witness who now has or has had any other liberty interest that the witness could believe might be favorably affected by government action. Please provide docket numbers, dates, and jurisdictions for all such cases. See *Davis v. Alaska*, 415 U.S. 308 (1974); *Washington v. United States*, 461 A.2d 1037 (D.C. 1983).

3. Any prior, inconsistent, non-corroborative, or other witness statements that will not reflect the witness' expected trial testimony. See *United States v. Enright*, 579 F.2d 980, 989 (6th Cir. 1978).

4. Any information in the Government's possession which indicates that any government witness' mental state is below normal or abnormal.

5. Any information in possession of the Government that is favorable to the defense, whether or not technically admissible at trial, which is material to the issue of guilt or sentencing.

6. Any witness' failure to provide the police or the Government with information testified to at trial.

7. Any other information that tends to show a government witness' bias or corruption, see

*Matter of C.B.N.*, 499 A.2d 1215 (D.C. 1985), or that otherwise impeaches the witness'
testimony.

8. The names and addresses of any person/s who (a) identified someone other than
Defendant as a perpetrator of any alleged offense ( See *Cannon v. Alabama*, 558 F.2d 1211 (5th
Cir. 1977), cert. denied, 434 U.S. 1087 (1978); *Grant v. Alldredge*, 498 F.2d 376 (2d Cir. 1974));
(b) failed to identify the Defendant as a perpetrator of any alleged offense when asked to do so in
any identification procedure (See *United States ex rel. Meers v. Wilkins*, 326 F.2d 135 (2d Cir.
1964)); or (c) gave any description/s of the perpetrator of any alleged offense which in some
material respect, (e.g., height, weight, clothing, race, complexion, age, etc.), differs from the
Defendant (See *Frazzle v. the United States*, 380 A.2d 1382, 1385 (D.C. 1977), cert. denied, 439
U.S. 931 (1978); see *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968)).

9. The names and addresses of all persons who would contradict or impeach any
government testimony or other evidence.

10. Any information in possession of the Government that is favorable to the defense,
whether or not technically admissible at trial, and which is material to the issue of guilt or
sentencing.

11. Any prior bad acts of any government witness. *Lawrence v. United States*, 482 A.2d
374 (D.C. 1984).

**(C) Notice of Evidence of Other Crimes, Wrongs, or Acts**

Rule 404(b)(3) of the Federal Rules of Evidence requires the Government to provide
reasonable notice of any evidence of other crimes, wrongs or acts committed by the Defendant
that it intends to offer at trial.

-4-

## POINTS AND AUTHORITIES

1. Fed.R.Crim.P.12(b)(3)(E)

2. The Record herein


**WHEREFORE**, Defendant requests as follows:

1. That the Court enter an order requiring the Government to provide discovery in

accordance with this motion; and

2. For such other and further relief as this Court may deem appropriate and proper.


## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following (who also received the same in a separate email from counsel):

> Counsel for the Government:
> Michael Dilorenzo, Esquire, AUSA
> U.S. ATTORNEY'S OFFICE/DISTRICT OF COLUMBIA
> 555 4th Street, NW
> Washington, DC 20003
> (202) 252-7809
> Email: michael.dilorenzo@usdoj.gov


> /s/ Bernard F. Crane
> _____
> Bernard F. Crane, Esquire (DC Bar No. 386978)
>     (Attorney for Defendant Montoni)
> 10560 Main Street, Suite 310
> Fairfax, Virginia 22030
> Phone (202) 486-6555
> Email berncr@aol.com