UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-mj-00289 |
| | : | |
| CORINNE MONTONI, | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION TO CONTINUE AND EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT**

The United States of America and defendant Corinne Montoni hereby move this Court for a 30-day continuance of the April 25, 2023, Status Hearing scheduled in the above-captioned matter, and further to exclude the time within which the Indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   In support of its motion, the government and defendants state as follows:

1) The parties believe it is in the interests of justice to further continue the Status Hearing in because they are very close to finalizing a pre-trial resolution to this matter.  They anticipate, however, that it will not be possible to complete all of the necessary logistical and preparatory steps prior to the date for which the Status Hearing is presently scheduled.

2) A delay will also afford the defendant time to review discovery – to include supplemental discovery provided on an ongoing basis – which may bear upon a decision to forego trial and inform plea negotiations.

**ARGUMENT**

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is

2

entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

Under the circumstances, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A). The parties require additional time to review discovery, engage in plea negotiations, and complete logistical steps related to an anticipated plea-trial resolution.

WHEREFORE, the government and defendants respectfully request that this Court grant a 30-day continuance of the April 25, 2023, Status Hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ David J. Perri*
    DAVID PERRI
    WV Bar No. 9219
    Assistant United States Attorney - Detailee
    U.S. Attorney's Office for the District of Columbia
    601 D Street, N.W.
    Washington, D.C. 20530
    Phone: (304) 234-0100
    Email: David.perri@usdoj,gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-mj-00289 |
| ) | |
| CORINNE MONTONI, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Based upon the representations in the Joint Motion to Continue and to Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, it is hereby

**ORDERED** that the Motion is GRANTED; it is further

**ORDERED** that the currently scheduled status hearing on April 25, 2023, be continued for good cause to May _____, 2023, at \_\_\_ p.m., and it is further

**ORDERED** that the time between April 25, 2023 and May \_\_\_\_, 2023 shall be excluded from calculation under the Speedy Trial Act, see 18 U.S.C. § 3161(h)(7)(A). The Court finds that the ends of justice served by the granting of such a continuance outweighs the best interests of the public and the defendant in a speedy trial, as a continuance will provide the parties additional time to review discovery, engage in plea negotiations, and complete logistical steps related to an anticipated plea-trial resolution.

_____
**THE HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE**